MADISON COUNTY v. HOLLIDAY.

1. **Auditor:** SALARY OF: BOARD OF SUPERVISORS. The salary of a county auditor was $1500 per annum, for the payment of which the fees of the office were to be applied. At the commencement of his second term he asked for an increase of salary, and the board thereupon ordered that his salary be $1400 per annum, without referring to the fees which might be collected: *Held*, that the auditor was entitled, under the order, to the fees, in addition to the sum fixed for compensation.

*Appeal from Madison Circuit Court.*

WEDNESDAY, JUNE 7.

THE defendant, S. L. Holliday, held the office and performed the duties of auditor of Madison county for two terms, including the years 1870, 1871, 1872 and 1873. At the commencement of the first term, the board of supervisors made the following order in relation to his salary: " On motion, the salary of the auditor was fixed at $1500, the fees of the office to be applied on salary, he to pay his own clerk hire." At the commencement of his second term he asked for an increase of salary, and asked that it be fixed at a certain sum in addition to fees. The supervisors, without any response, made the following order: "January 5th, 1872. The auditor's salary for the term commencing January 1st, 1872, was fixed at $1400 per annum, payable quarterly, he to furnish his own clerk hire." During the two years he collected as fees $712.35, which he claims he has a right to retain. The plaintiff brings this action to recover for the same. Judgment for plaintiff. Defendant appeals.

*Ruby & Murray* and *McCaughan & Dabney*, for appellant.

*Wainwright & Gilpin*, for appellee.

ADAMS, J.—The two orders of the supervisors should be construed together. In the first, the supervisors fix the salary

at $1500, and provide that the fees shall apply on it. In the second, they fix the salary at $1400, and say nothing about fees. Upon the defendant's re-election, if the board of supervisors intended to reduce his salary, they should have done so by the use of words reasonably clear, and free from doubt and ambiguity. Yet if we are to put upon them the construction for which the plaintiff contends, we must say that they are not only not free from ambiguity, but well calculated to mislead and deceive the defendant. We are not prepared to hold, therefore, that his salary was reduced, looking at the said orders alone. But the defendant shows that he asked for an increase, and that a certain amount be given him in addition to fees. As the supervisors made no response to his application, but fixed the salary at a less amount than before given, we are of the opinion that he was justified in believing that he was to receive the fees in addition.

We may observe further, that the whole amount per annum which the auditor received, including fees, was only $1756.18. It is not so much more than he received during his first term, considering his additional knowledge and experience, as to render it improbable that the supervisors intended to increase his compensation that much.

REVERSED.